**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6425**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSEPH EDWARDS MONROE, a/k/a Slim,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:94-cr-00041-NKM-4; 3:13-cv-80801-NKM-RSB)

———————

Submitted: October 15, 2015         Decided: October 19, 2015

———————

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph Edwards Monroe, Appellant Pro Se. Nancy Spodick Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Edwards Monroe appeals the district court's order dismissing his Fed. R. Civ. P. 60 (b) motion. The district court properly characterized this motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissed it for lack of jurisdiction. Accordingly, we affirm the district court's order. See United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015) (holding that a certificate of appealability is unnecessary where a district court dismisses a Rule 60(b) motion as an unauthorized successive habeas motion).

Additionally, we construe Monroe's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Monroe's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
